UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23954-BLOOM/Reid

SCOTTY SANTOS DIAZ,

    Plaintiff,

v.

MARK INCH, *et al.*,

    Defendants.
_____/

## ORDER ADOPTING
## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendation of Magistrate Judge Reid (the "Report"). *See* ECF No. [21]. This action was previously referred to the Honorable Lisette M. Reid for a Report and Recommendation on any dispositive matters. *See* ECF No. [2].

Plaintiff Scotty Santos Diaz ("Plaintiff") initiated the instant action by filing an Emergency Preliminary Injunction on August 2, 2019. ECF No. [1] ("Petition"). In the Petition, Plaintiff sought emergency medical treatment, alleging that he was not being treated for elevated pressure levels in his eyes, which risked complete loss of sight in his left eye and was resulting in the Plaintiff suffering pain and discomfort. *See generally id.* Plaintiff has also filed a separate action against the Defendants pursuant to 42 U.S.C. § 1983, alleging injury caused by delayed medical treatment for his eye condition and for deliberate indifference. *See Diaz v. Centurion of Florida, LLC et al.*, Case No. 19-cv-24067-UU.

Case No. Case No. 19-cv-23954-BLOOM/Reid

On October 29, 2019, the Court conducted an evidentiary hearing. ECF No. [20] (the "Hearing"). At the Hearing, Plaintiff testified that he had received medical treatment on October 9, 2019, by an ophthalmologist at Bascom Palmer Eye Institute and was prescribed medication to treat his eye pressure issues. ECF No. [21], at 4. The Defendant Mark Inch also indicated at the Hearing that the Plaintiff was scheduled for a follow up visit on October 31, 2019. *Id.* at 5.

On October 31, 2019, Judge Reid issued the Report recommending that the Petition be denied as moot and the instant action be closed, as the Plaintiff had since received the emergency medical treatment sought in the Petition. ECF No. [21], at 6. The Report advised that any objections to the Report's findings were due within fourteen days of receipt of the Report. *Id.* at 7. Plaintiff has timely filed objections to the Report. *See* ECF No. [22] ("Objections").

Plaintiff's Objections are generally two-fold. First, Plaintiff argues that he only received medical treatment upon the filing of the instant action, and should this action be closed there is a "great probability" that the Defendants will continue the challenged conduct. *Id.* at 2. Second, Plaintiff contends that several other issues raised in the initial Petition still exist, including the fact that he has yet to have his protective footwear returned to him and that the medical staff has yet to dispense the pain medication (prednisolone acetate), which he claims was prescribed to him on October 9, 2019. *Id.* at 3.

The Court has conducted a *de novo* review of the portions of the Report to which Plaintiff has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error. The Court finds that the Objections are without merit and are therefore due to be overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

The purpose of preliminary injunctive relief is to preserve the status quo between the parties and to prevent irreparable injury until the merits of the lawsuit itself can be reviewed. *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994); *see also United States v. State of Ala.*, 791 F.2d 1450, 1457 n. 9 (11th Cir. 1986). In the initial Petition, Plaintiff requested that the Court order the Defendants to "have Plaintiff seen and treated by a glaucoma specialist without any further unnecessary delay and/or issue an order granting the Plaintiff's emergency injunction in order to prevent any further pain and suffering and/or the possibility of losing total sight." ECF No. [1], at 6. As admitted by the Plaintiff at the Hearing and in his Objections, Plaintiff has been seen and treated by a glaucoma specialist on October 9, 2019 and again on October 31, 2019. *See generally* ECF No. [22], at 4, 6-8. Thus, the "emergency nature" of Plaintiff's request has since been satisfied.

As it relates to Plaintiff's objection to the instant action being closed because of his concern that the Defendants will return to the challenged conduct, such objection is without merit. Voluntary cessation of challenged conduct will only moot a claim when there is no "reasonable expectation" that the accused litigant will resume the challenged practice after the lawsuit is concluded. *Jews for Jesus, Inc. v. Hillsborough Cnty. Aviation Auth.*, 162 F.3d 627, 629 (11th Cir. 1998). Here, the Court does not find a reasonable basis to assume that the Defendants will continued the challenged conduct upon the denial and closure of the instant action. The Court first notes that Plaintiff's separate action for the alleged injury caused by the alleged delayed medical treatment for his eye condition and for deliberate indifference pursuant to 42 U.S.C. § 1983 remains active and pending. *See Diaz v. Centurion of Florida, LLC et al.*, Case No. 19-cv-24067-UU. To allow this action, which solely sought emergency medical treatment that has now been administered, and Plaintiff's primary lawsuit against the Defendants, would be a duplication of

3

Case No. Case No. 19-cv-23954-BLOOM/Reid

judicial labor. Further, because the primary action remains pending, the Defendants are still presently being placed on notice of the Defendants' allegations against them. Thus, the termination instant suit will have no effect on the resolution of Plaintiff's primary case.

As it relates to Plaintiff's objections regarding the return of Plaintiff's protective boots and the Defendants' alleged failure to dispense one of his pain medications, such objection does not warrant the rejection of the Report's recommendations. Indeed, the relief sought in the Petition solely related to Plaintiff being seen and treated by a glaucoma specialist without further delay. *See generally* ECF No. [1]. Such relief has since been granted, and the emergency nature of the Petition no longer remains. To the extent, Plaintiff seeks to raise additional issues regarding the Defendants' alleged conduct he may do so in his primary lawsuit, *Diaz v. Centurion of Florida, LLC et al.*, Case No. 19-cv-24067-UU.

After a close review of the record and the law, the Court finds that Plaintiff's Objections are due to be overruled. The Court has conducted a *de novo* review of Judge Reid's Report, the record and applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review of the record and the Report, the Court finds Judge Reid's Report to be well reasoned and correct, and the Court agrees with the its analysis.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Reid's Report and Recommendation, **ECF No. [21]**, is **ADOPTED**.
2. Plaintiff's Objections, **ECF No. [22]**, are **OVERRULED**.
3. The Petition, **ECF No. [1]**, is **DENIED AS MOOT**.
4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

Case No. Case No. 19-cv-23954-BLOOM/Reid

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on December 2, 2019.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Lisette M. Reid

Counsel of Record

Scotty Santos Diaz
670614
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034