UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-23954-BLOOM/Reid

SCOTTY SANTOS DIAZ,

    Plaintiff,

v.

MARK INCH, *et al.*,

    Defendants.

_____/

## ORDER ON URGENT NOTICE OF EXIGENT CIRCUMSTANCES

**THIS CAUSE** is before the Court upon Plaintiff Scotty Santos Diaz's ("Plaintiff") Urgent Notice of Exigent Circumstances, ECF No. [29] ("Motion"), filed on February 21, 2020. The Court has considered the Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

Plaintiff initiated the instant action by filing an Emergency Preliminary Injunction on August 2, 2019. ECF No. [1] ("Petition"). In the Petition, Plaintiff sought emergency medical treatment, alleging that he was not being treated for elevated pressure levels in his eyes, which risked complete loss of sight in his left eye and was resulting in the Plaintiff suffering pain and discomfort. *See generally id.* Plaintiff has also filed a separate action against the Defendants pursuant to 42 U.S.C. § 1983, alleging injury caused by delayed medical treatment for his eye condition and for deliberate indifference. *See Diaz v. Centurion of Florida, LLC et al.*, Case No. 19-cv-24067-UU.

Following an evidentiary hearing, on October 31, 2019, Judge Reid issued a Report of Magistrate, ECF No. [21] ("Report"), recommending that the Petition be denied as moot and the

instant action be closed, as Plaintiff had since received the emergency medical treatment sought in the Petition. *Id.* at 6. Plaintiff objected to the Report and argued that he only received medical treatment upon the filing of the instant action, and should this action be closed there is a "great probability" that the Defendants will continue the challenged conduct. ECF No. [22] at 2. He also contended that several other issues raised in the initial Petition still exist, including the fact he had yet to have his protective footwear returned to him and that the medical staff had yet to dispense the pain medication (prednisolone acetate), which he claimed was prescribed to him on October 9, 2019. *Id.* at 3.

On December 2, 2019, the Court entered an Order Adopting Magistrate Judge's Report and Recommendation, ECF No. [27] ("Order"). Importantly, the Order provided that "[t]o the extent, Plaintiff seeks to raise additional issues regarding the Defendants' alleged conduct he may do so in his primary lawsuit, *Diaz v. Centurion of Florida, LLC et al.*, Case No. 19-cv-24067-UU."). *Id.* at 4. The Order also closed the case. *Id.* at 5. *See also* ECF No. [28] (indicating that the case is no longer referred to Magistrate Judge Reid because the case was closed).

Plaintiff now moves this Court to issue an order 1) "directing the above name defendants to carry-out the treating specialist prescribed orders and recommendations without any further unnecessary delays, including returning Plaintiff to the clinic for retina evaluation;" 2) "directing both medical and security staff at Dade C.I. [to] adequately respond to Diaz's medical needs;" and 3) enter any other relief deemed just and proper. *See* ECF No. [29] at 7. According to Plaintiff, Defendants have "clearly returned to their challenged conduct" and he "has been and continues to be subjected to pain, discomfort and 'most importantly' irreparable injury due to the unnecessary delay and at some points the out-right denial of treating the Plaintiff's pre-diagnosed serious medical condition as prescribed by the treating specialist." *Id.* at 2.

For instance, he asserts that on October 31, 2019, he returned to the Larkin eye clinic for evaluation and was recommended to return in "4 weeks or sooner" but instead he returned on January 16, 2020. *See id.* at 13. He also experienced adverse side effects to a medication, Diamox, and reported his medical conditions to the prison's infirmary and nurses, but "the nurses refused to treat his symptoms" and the emergency grievance that he filed was denied. *Id.* at 4. He further contends that his request for the medical department to contact the Larkin clinic was denied, *id.*, and that his eye conditions have worsened. *Id.* at 5. He adds that he has not yet received certain medication that has been prescribed, *see id.* at 3, 5, and has not yet returned to the Larkin clinic for evaluation. *Id.* at 6.

With this background, the Court has carefully re-reviewed the record in this matter. Upon review, the Court denies the Motion. First, the Motion is procedurally deficient. The Motion fails to show that he ever conferred with Defendants or their counsel before seeking to reopen this case. Further, the Motion fails to show that it was served on any of the Defendants. For example, the Certificate of Service does not provide that Plaintiff ever mailed or served any party. *See id.* at 8. Service of a written motion must be made on an opposing party. *See* Fed. R. Civ. P. 5(a)(1)(D); S.D. Fla. L.R. 5.2(a). Plaintiff was previously advised by the Court that he "shall serve upon the defendants . . . [or] upon their respective counsel, copies of all further pleadings or other documents submitted for consideration by the Court" and that Plaintiff "shall include with each pleading, motion, or other paper submitted to be filed a certificate stating the date that an accurate copy of the pleading, motion, or other paper was mailed to defendants or counsel for defendants." *See* ECF No. [3] at 2. Importantly, Plaintiff was cautioned that "[i]f any pleading, motion, or other paper submitted to the Court does not include a certificate of service upon the defendants or counsel for

3

the defendants, it will be stricken by the Court." *Id.* He has not complied with these requirements, which alone constitutes a sufficient basis to deny the Motion.

Second, the Court finds that its previous ruling should not be disturbed. To the extent that Plaintiff "seeks to raise additional issues regarding the Defendants' alleged conduct, he may do so in his primary lawsuit, *Diaz v. Centurion of Florida, LLC et al.*, Case No. 19-cv-24067-UU." ECF No. [27] at 4. That action is still pending. As such, Plaintiff can raise the issues he presents in the instant Motion in that case.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Urgent Notice of Exigent Circumstances, **ECF No. [29]**, is **DENIED**.

**DONE AND ORDERED** in Chambers, at Miami, Florida, on February 28, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Scotty Santos Diaz
670614
Dade Correctional Institution
Inmate Mail/Parcels
19000 SW 377th Street
Florida City, FL 33034

4